[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 7, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-11277
Non-Argument Calendar

_____

Agency Nos. A079-476-010
A079-476-011

WILLIAM FABIO BOTERO CORREA,
OLGA LUCIA VALENCIA BUENO,
JULIANA BOTERO VALENCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 7, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Dr. William Fabio Botero Correa, his wife Olga Lucia Valencia Bueno, and their daughter Juliana Botero Valencia are natives and citizens of Colombia. They seek review of the Board of Immigration Appeal's decision affirming the Immigration Judge's order finding them removable and denying their application for asylum, withholding of removal, and CAT relief.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA agreed with the IJ's adverse credibility findings, it conclusions about the petitioners' ineligibility for asylum, withholding of removal, and CAT relief, but the BIA also made some additional observations. Therefore, we will review both decisions.

The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). In order to reverse those findings of fact, we "must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

**I.**

The petitioners contend that the IJ and the BIA erred in making adverse credibility determinations about Botero's testimony.[1] They argue that the IJ ignored testimony and documentation in the record that provided an explanation for any discrepancies.

The trier of fact must determine credibility, and we do not substitute our judgment for the factfinder's with respect to credibility findings. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. "The weaker the applicant's testimony, . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Botero's testimony included inconsistencies and omissions that were central to the claims of persecution and that were not adequately explained. In particular the IJ emphasized the fact that Botero's original May 2001 asylum application made no mention of an alleged kidnapping that he later described in an addendum to his application filed more than six years later. In his original application Botero

---

[1] Botero was the only one of the petitioners to testify at the removal hearing.

3

stated that he and his family had received threatening phone calls. The unidentified callers threatened to harm his daughters and his wife and to burn two farms that he owned. The callers had tried to extort money from him.

In the 2007 addendum, however, Botero stated that in June 2000 while driving home from work he had been stopped by four armed men who were blocking the road. The men knew he was a doctor, and they kidnapped him, taking him to a place where he was forced to administer medical treatment to a wounded FARC guerrilla. After providing treatment to the guerilla, Botero was escorted out of the area, and he returned home. Threatening phone calls and demands for money followed. Guerillas visited his farms, made threats, and told the farm caretaker that he should relay the message to Botero to pay them the money they demanded.

The IJ found it noteworthy that this significant event was omitted from the original asylum application. He explained that Botero had an obligation to ensure that the information in the application, which he had signed under oath, was accurate. The IJ also found that Botero's testimony about the kidnapping was not substantiated by corroborating evidence. See Yang, 418 F.3d at 1201. Botero testified that he called a district attorney and reported the kidnapping, but the IJ observed that there was no letter from the district attorney, and the other letters submitted as evidence only referred to general problems and threats experienced by

4

Botero. The police report that Botero submitted as evidence did not mention FARC or a kidnapping. Just like Botero's original asylum application, the police report referred to extortion demands and threats made over the phone.[2]

Based on the inconsistencies in his testimony and the lack of a plausible explanation for the omissions in his original asylum application, the IJ found that Botero was not credible. The BIA agreed. Substantial evidence in the record supports the adverse credibility determination and the denial of the petitioners' application for asylum. See Forgue, 401 F.3d at 1287. The record does not compel a reversal of the BIA's decision.

Because the petitioners have failed to establish a claim of asylum on the merits, they necessarily have failed to establish eligibility for withholding of removal. Id. at 1288 n.4. The petitioners have waived any claim for CAT relief by failing argue for it in their brief to this Court. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir.1989).

---

[2] The BIA correctly determined that even if Botero's testimony were considered credible, he had failed to establish that the alleged mistreatment he had suffered rose to the level of past persecution. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (concluding that a restaurant bombing, menacing telephone calls, and threats did not rise to the level of past persecution that would compel reversal). The BIA also correctly determined that Botero had not established a well-founded fear of future persecution because he had not shown that he was singled out for persecution based on a statutorily protected ground. See id. at 1232 n.7 (stating that the petitioner's "inability to demonstrate she has a well-founded fear that she will be singled out for persecution on account of any protected ground is fatal to her asylum claim").

**II.**

The petitioners also contend that the IJ should have continued the removal proceedings. They assert that Botero's brother has filed a I-130 visa petition on his behalf, which is still pending, and when Botero's daughter Andrea becomes a United States citizen, she will file one as well. In the removal hearing, counsel for the petitioners told the IJ about the I-130 petition that Botero's brother had filed. The IJ found that the I-130 petition was irrelevant to the asylum claim.

The petitioners did not request a continuance before the IJ and did not argue before the BIA that one should have been granted. Therefore, that claim was not exhausted, and we lack jurisdiction to consider it. Al Najjar, 257 F.3d at 1285 n.14 ("[W]e are divested of jurisdiction to consider a claim which was not presented to the immigration courts. . . .").

**PETITION DENIED in part, DISMISSED in part.**